IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,430 





 

EX PARTE FERNANDO GARCIA, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER CR-3350-03-(B)-1 IN THE 93RD

JUDICIAL DISTRICT COURT HIDALGO COUNTY





 Per curiam.


 


O P I N I O N



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to intoxication manslaughter and was sentenced to a term of
eight years in prison. Applicant's direct appeal was dismissed in an unpublished opinion. 
Garcia v. State, No. 13-04-535-CR (Tex. App.--Corpus Christi, delivered January 6, 2005).

 The appellate court's memorandum opinion stated that the appeal was dismissed
because the trial court's certification did not show that Applicant had the right to appeal. 
This decision was made after counsel submitted a letter brief, at the court's request,
indicating that the case was not a plea bargain case and that Applicant should be entitled to
an appeal. The appellate court, however, did not have the benefit of the transcript of the plea
hearing and found that counsel's response did not establish that the certification on file was
incorrect or that Applicant otherwise had a right to appeal.

 In this application, Applicant contends that he requested but was denied his right to
a meaningful appeal. Since the previous dismissal, a transcript of the plea hearing has been
made and has been included in the record to this Court. This record supports the trial court's
findings that there was no plea agreement, that the judgment incorrectly states that there was
a plea agreement, that the trial court incorrectly certified that Applicant was not entitled to
an appeal, and that Applicant's right to an appeal was wrongfully denied. Further, the State
indicates that it has reviewed the record, has reached the same conclusions, and believes that
Applicant should receive an out-of-time appeal.

 Relief is therefore GRANTED. Applicant shall have the opportunity to file an out-of-time appeal from his conviction and sentence in cause number CR-3350-03-B in the 93rd
Judicial District Court of Hidalgo County, Texas. 

 Applicant is ordered to be returned to that point in time at which he may give written
notice of appeal so that he may then, with the aid of counsel, obtain an appeal. For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the
sentence had been imposed on the date that the mandate of this Court issues. We hold that
should Applicant desire to prosecute an appeal, he must take affirmative steps to see that a
written notice of appeal is filed with the trial court within thirty days after the mandate of this
Court has issued. Applicant's remaining grounds for habeas corpus relief, if any, are
dismissed.

 


DELIVERED: June 7, 2006


DO NOT PUBLISH